IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ORLANDIS BOLDEN** and<br>**JOSEPH M. TALBOT,**<br><br>          **Plaintiffs,**<br><br>vs.<br><br>**KEN BARTLEY,** *et al.*,<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)    **CIVIL NO. 06-321-MJR**<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiffs, both inmates in the Pinckneyville Correctional Center, filed this action asserting various violations of their constitutional rights. The Court previously advised Plaintiffs of the ramifications of *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), and neither has indicated a desire to withdraw from this action. Instead, each has filed a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. 1915, evidencing his intent to proceed with this litigation. Before ruling on those motions, the Court will examine whether this action is appropriate for severance. FED.R.CIV.P. 20(b), 21.

Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." However, "[a]ny claim against a party may be severed and proceeded with separately." FED.R.CIV.P. 21. The Seventh Circuit acknowledged that, in the context of complaints filed jointly by two or more inmates, "[o]ne could imagine situations in which joined claims **lack** overlap . . . . [and] joinder may be impermissible

under Rule 20 itself, or severance appropriate." *Boriboune*, 391 F.3d at 855 (emphasis added).

In this action, Plaintiffs complain about Illinois rules and policies pertaining to release on parole. Each contends that these policies, as applied to him, are unfair; each alleges that he has been denied parole due to these policies. Such allegations may involve a similar question of law. However, their respective situations regarding denial of parole do not arise out of the same transaction or occurrence. Further, particularly in the case of the grant or denial of parole, the specific facts pertaining to each individual decision far outweigh any common question regarding the underlying policies at work. *See Gaffney v. Riverboat Services of Indiana, Inc.*, — F.3d —, 2006 WL 1653349 (7th Cir. 2006). Therefore, the Court finds that the instant case is one such situation in which severance is appropriate.

In the past, judges in this District have followed the lead of the Eleventh Circuit, which affirmed the dismissal of a multi-plaintiff civil suit brought by eighteen inmates. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). There the court found that "each plaintiff had to file a separate complaint and pay a separate filing fee." *Hubbard*, 262 F.3d at 1195. Due to this Court's finding, above, that the claims in this case **should not be joined**, this case will be dismissed without prejudice, and a separate case will be opened for each plaintiff. For the foregoing reasons, the Court:

(1) **ORDERS** this case dismissed without prejudice;

(2) **DIRECTS** the Clerk of this Court to open a separate case for each Plaintiff with the complaint in this case and place copies of all pertinent filings from each Plaintiff in this case in the appropriate new cases; and

(3) **DIRECTS** the Clerk to assign each of the newly opened cases to the same judge who was

assigned to this case.

**IT IS SO ORDERED.**

**DATED this 7th day of July, 2006.**

                                      **s/ Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**